# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AI D. SAESEE, | ) | 1:04cv6381 DLB |
| | ) | |
| | ) | |
| | ) | ORDER REGARDING PLAINTIFF'S |
| Plaintiff, | ) | SOCIAL SECURITY COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## BACKGROUND

Plaintiff Ai D. Saesee ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

## FACTS AND PRIOR PROCEEDINGS[2]

Plaintiff filed an application for supplemental security income on June 20, 2002, alleging disability since July 9, 1991, due to abdominal pain, back pain, memory loss and headaches. AR 70-

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. On March 10, 2005, the Honorable Robert E. Coyle reassigned the case to the undersigned for all purposes.

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

1

1   73, 80.  After being denied both initially and upon reconsideration, Plaintiff requested a hearing

2   before an Administrative Law Judge ("ALJ").  AR 54-57, 60-63, 64.  On March 11, 2004, ALJ

3   James Ross held a hearing.  AR 195-209.  On March 25, 2004, ALJ Ross found that Plaintiff was

4   not disabled.  AR 26-33.  On August 17, 2004, the Appeals Council denied review.  AR 3-5.

5          Hearing Testimony

6   _____On March 11, 2004, ALJ Ross held a hearing in Fresno, California.  Plaintiff appeared with

7   his attorney, Robert Christenson.  An interpreter also appeared.  AR 195.

8          Plaintiff testified that he was 58 years old at the time of the hearing.  He couldn't read or

9   write in any language, doesn't understand English and has never worked in this country.  He speaks

10  Laghu and doesn't know when he came to the United States.  AR 204.

11         Plaintiff explained that he could not work because of abdominal pain and headaches.  He has

12  had the abdominal pain for over one year.  AR 204.  He described the pain as "very bad" and

13  indicated that the pain causes problems sitting and standing.  AR 205.  He has bad pain when lifting

14  and thought he could lift 10 to 20 pounds.  AR 205.  He indicated that he went to mental health one

15  time.  AR 205.

16         During the day, he lays in bed and does not watch television.  AR 206.  He has headaches all

17  the time, sometimes worse and sometimes better.  When it's hot, his headaches are worse.  AR 206.

18  When he has headaches, he doesn't feel like doing anything.  AR 206.  He explained that his

19  headaches began after having teeth pulled.  AR 207.

20         As to the pain in his abdomen, he testified that it was not getting better and that the

21  medication isn't helping.  AR 207.  The medication does not cause any side effects.  AR 207.

22         He is depressed because of his illness.  AR 208.  He stays home all day.  AR 208.  He has no

23  friends, only his wife.  AR 208.  He sometimes doesn't feel like eating.  AR 208.  His ability to

24  concentrate is not very good.

25         Medical Record

26  _____On February 2, 2001, Plaintiff saw Kevin Buckwater, M.D., at the Hillman Health Center.

27  AR 163.  He complained of abdominal discomfort, headache and back pain.  AR 163.  There was

28

2

1   some mild tenderness in the L/S spine region and mild tenderness in the lower left abdominal

2   quadrant. AR 163. Dr. Buckwater assessed a flu-like illness. AR 163.

3          On February 5, 2001, an x-ray of the abdomen was normal. AR 119.

4          On March 27, 2001, Plaintiff saw Nazish Ali, M.D., at the Hillman Health Center. AR 162.

5   He complained of pain in the epigastric area, but his abdomen was soft and nontender upon

6   examination. AR 162. He assessed gastritis and peptic ulcer disease. AR 162.

7          On April 27, 2001, Plaintiff saw Truc Nguyen, M.D., at the Hillman Health Center, with a

8   chief complaint of abdominal pain. There was mild tenderness around the umbilicus area, but no

9   guarding or rigidity. Dr. Nguyen assessed possible gastritis and ordered an ultrasound. AR 161.

10          On May 3, 2001, Plaintiff had an abdominal ultrasound which was essentially normal. AR

11   117-118.

12          Plaintiff saw Dr. Nguyen on September 6, 2001. Plaintiff complained of pain in the high

13   lumbar area, with no radiation of pain to the lower back. He had no significant stomach discomfort.

14   AR 159. His abdomen was soft and nontender. He had mild pain around L1-2 area, but no acute

15   muscle spasm. Straight leg raises were normal. AR 159. He assessed back pain, most likely early

16   arthritis. AR 159.

17          On December 19, 2001, Plaintiff saw Dr. Nguyen and complained of pain in his upper back

18   and cramping pain in his stomach. His abdomen was soft with no obvious organomegaly, tenderness

19   or rebound guarding. He had mild tenderness on his paraspinal muscles but no acute muscle spasm.

20   AR 158. Dr. Nguyen diagnosed arthritis with low back pain and indicated he might have dyskinesia

21   of the biliary tract and colon spasm. AR 158.

22          Plaintiff saw Dr. Nguyen on February 27, 2002, and complained of cramping abdominal pain

23   but no burning. His back was mildly tender to palpation, but there was no obvious muscle spasm

24   and his straight leg raises were normal. There were no obvious symptoms of a peptic ulcer. AR 157.

25          On July 24, 2002, Plaintiff saw Dr. Nguyen and complained of deterioration of his general

26   condition, with weight loss, back pain and stomach discomfort. AR 155. Examination of his back

27   showed paravertebral muscle tenderness, but no acute muscle spasms. His straight leg test was

28   normal. Examination of his abdomen was "absolutely normal." AR 155.

1    _____On July 30, 2002, Plaintiff underwent x-rays of his lumbar spine.   A minimal bony

2    hypertrophic change inferiorly at L5 of questionable significance was detected.  AR 116.

3    Plaintiff saw consultive examiner Sherry Lopez, M.D. for a comprehensive internal medicine

4    evaluation on September 18, 2002.  AR 125.  He complained of abdominal pain and headaches, but

5    was a poor historian.  AR 125.  On examination, his abdomen was benign.  AR 126.  Dr. Lopez

6    diagnosed chronic abdominal pain and headaches.  AR 128.  She concluded that his primary

7    complaint of abdominal pain had no concrete cause.  AR 128.  His headaches were "perhaps muscle

8    tension," but were not migraines or associated with any visual changes.  AR 128.  She opined that

9    he could stand and walk about six hours and could sit without restriction.  AR 128.  He could lift and

10   carry 10 pounds frequently and 20 pounds occasionally.  AR 128.  There were no further limitations.

11   AR 128.

12   On September 28, 2002, Plaintiff underwent a psychological evaluation by Lance A. Portnoff,

13   Ph.D.  AR 129.  He was a poor historian, but indicated that he started having headaches after having

14   a tooth pulled about five years ago, and has had stomach and back pain after an operation five to six

15   years ago.  AR 129.  Plaintiff complained of being depressed because of his pain and indicated that

16   he sometimes thought of suicide.  AR 130.  Dr. Portnoff conducted a mental status examination, but

17   testing revealed that Plaintiff was deliberately not doing his best.  AR 130.  The findings were not

18   considered to be a valid representation of his current cognitive status.  AR 130.  Dr. Portnoff deferred

19   diagnoses and was unable to answer a medical source statement because of Plaintiff's "deviant test-

20   taking motivation."  AR 131.

21   Plaintiff saw Dr. Nguyen on October 24, 2002, and complained of burning in his epigastric

22   area, especially at night.  AR 154.  There was no tenderness on palpation of his abdomen and no

23   masses.  AR 154.  He diagnosed chronic epigastric discomfort and gastritis, but no peptic ulcer

24   disease.  AR 154.

25   On October 24, 2002, Allen Middleton, Ph.D., completed a Psychiatric Review Technique

26   form and indicated that Plaintiff had no medically determinable impairment.  AR 132.  Dr.

27   Middleton noted that Plaintiff was partially credible as to his physical allegations, but that the

28

1    subjective complaints outweigh the objective findings.  AR 147.  As to his psychiatric credibility,

2    Plaintiff was found "completely not credible."  AR 147.

3        On October 25, 2002, State Agency physician Carmen E. Lopez, M.D., indicated that

4    Plaintiff's physical impairments were not severe.  AR 149.  He explained that Plaintiff was

5    partially credible as to the physical allegations, but that his subjective complaints outweighed the

6    objective findings, and given the lack of credibility at the consultive psychiatric evaluation, his

7    subjective complaints cannot be found fully credible.  AR 149.  Dr. Lopez considered Dr. Sherry

8    Lopez' restriction to light work, but determined that a non-severe finding was more appropriate

9    because any positive findings were only minimal.  AR 149.  State Agency physician Alfred

10   Torre, M.D., affirmed these findings on June 4, 2003. AR 149.

11       On November 26, 2002, Plaintiff saw Homayoun Sohrabi, M.D., at the Hillman Health

12   Center.  AR 153.  He complained of depression with insomnia and occasional abdominal pain.

13   AR 153.  Dr. Sohrabi diagnosed depression, possible post traumatic stress disorder and

14   abdominal pain, and ordered a H. pylori titer.  AR 153.  Plaintiff was advised to quit smoking.

15   AR 153.

16       In December 2002, Plaintiff's laboratory test was positive for H. pylori.  AR 122.

17       Plaintiff saw Dr. Nguyen on January 15, 2003 for follow up of abdominal pain.  He was

18   in a very depressed mood, and his brother indicated that his father had passed away about a year

19   ago and that a sister had a stroke.  AR 152.  He diagnosed severe grief reaction/depression plus

20   post traumatic stress syndrome.  AR 152.  Although he noted the positive H. pylori test, Dr.

21   Nguyen declined to put him on "numerous pills a day" because of his mental condition.  AR 152.

22   He indicated that the chronic abdominal pain could be related to his mental condition.  AR 152.

23       On March 12, 2003, Dr. Nguyen's examination was essentially normal, although Plaintiff

24   complained that he had a mild frontal headache.  AR 151.  He diagnosed depressive disorder and

25   sinusitis.  AR 151.

26       In June 2003, State Agency physicians Alfred Torre, M.D. and Archimedes Garcia, M.D.,

27   determined that Plaintiff physical and mental impairments were nonsevere.  AR 166-167, 168-

28   181.

1  On June 20, 2003, Plaintiff underwent a barium enema examination.  The test showed no

2  evidence of an obstruction.  AR 192.

3  Plaintiff returned to Dr. Nguyen on October 28, 2003, and continued complaining of pain

4  in his umbilical area with "headache sometimes."  AR 189.  Dr. Nguyen described the pain as

5  "vague," without any obvious pathology.  AR 189.  Dr. Nguyen indicated that he wasn't taking

6  medication for his H.pylori/gastritis, but advised him of the benefits of treatment.  AR 189.

7  On February 5, 2004, Dr. Nguyen completed a Residual Functional Capacity

8  Questionnaire.  He diagnosed "chronic mental condition (depression) and chronic abdominal

9  pain (origin undetermined)."  He also indicated that Plaintiff suffered from anxiety and

10  somatoform disorder, and that his symptoms were severe enough to frequently interfere with

11  attention and concentration.  He opined that Plaintiff was incapable of even a low stress job

12  because of his chronic mental condition.  Dr. Nguyen indicated that Plaintiff could walk five

13  blocks without rest or severe pain, could sit for 45 minutes at one time, could stand for 45

14  minutes at one time, could sit for about four hours total in an eight hour workday and could stand

15  for about four hours total in an eight hour workday.  He could occasionally lift less than 10

16  pounds and rarely lift 20 pounds.  He could occasionally twist, stoop, crouch and climb stairs and

17  ladders.  He estimated that Plaintiff would miss more than four days of work per month.  AR

18  182-185.

19  ALJ's Findings

20  The ALJ determined that Plaintiff had the medically determinable impairment of "non-

21  severe episodic abdominal pain, of an unclear etiology, and a history of complaints of depression,

22  which began after his initial denial."  AR 33.  He further determined that Plaintiff's subjective

23  complaints were not credible and the severity of his complaints was not supported by reliable

24  objective medical evidence.  AR 32.  Based on this, the ALJ determined that Plaintiff did not

25  have any severe impairments and was therefore not disabled.  AR 32.

26  **SCOPE OF REVIEW**

27  Congress has provided a limited scope of judicial review of the Commissioner's decision

28  to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations,

6

1   the Court must determine whether the decision of the Commissioner is supported by substantial

2   evidence.  42 U.S.C. 405 (g).  Substantial evidence means "more than a mere scintilla,"

3   *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v.*

4   *Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a

5   reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at

6   401.  The record as a whole must be considered, weighing both the evidence that supports and

7   the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler,* 760 F.2d 993,

8   995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must

9   apply the proper legal standards.  *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).

10  This Court must uphold the Commissioner's determination that the claimant is not disabled if the

11  Secretary applied the proper legal standards, and if the Commissioner's findings are supported by

12  substantial evidence.  *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th

13  Cir. 1987).

**REVIEW**

15       In order to qualify for benefits, a claimant must establish that he is unable to engage in

16  substantial gainful activity due to a medically determinable physical or mental impairment which

17  has lasted or can be expected to last for a continuous period of not less than 12 months.  42

18  U.S.C. § 1382c (a)(3)(A).  A claimant must show that he has a physical or mental impairment of

19  such severity that he is not only unable to do her previous work, but cannot, considering his age,

20  education, and work experience, engage in any other kind of substantial gainful work which

21  exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

22  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th

23  Cir. 1990).

24       In an effort to achieve uniformity of decisions, the Commissioner has promulgated

25  regulations which contain, inter alia, a five-step sequential disability evaluation process.  20

26  C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f) (1994).[3]  Applying this process in this case, the ALJ

27

28      [3]All references are to the 2002 version of the Code of Federal Regulations unless otherwise noted.

1    found that Plaintiff: (1) had not engaged in substantial gainful activity since the alleged onset of

2    his disability; (2) had the medically determinable impairments of "non-severe episodic

3    abdominal pain, of an unclear etiology, and a history of complaints of depression, which began

4    after his initial denial," but that these were not severe impairments.  Plaintiff was therefore found

5    not disabled.  AR 32.

6        Here, Plaintiff argues that the ALJ (1) erred in failing to adopt the limitations imposed by

7    Dr. Sherry Lopez; (2) erred in rejecting the opinion of Dr. Nguyen, the treating physician; (3)

8    erred in finding Plaintiff not credible; (4) failed to follow the "slight abnormality" standard in

9    finding that Plaintiff's abdominal pain was non-severe; and (5) incorrectly implied that Plaintiff

10    was not credible because of missing medical records.

11                                     **DISCUSSION**

12    A.       <u>Opinion of Consultive Examiner</u>

13        Plaintiff argues that the ALJ erred in failing to adopt the restrictions imposed by

14    consultive examiner Dr. Sherry Lopez.[4]  In September 2002, she opined that Plaintiff could lift

15    and carry 10 pounds frequently and 20 pounds occasionally, could stand and walk about six

16    hours, and could sit without restriction.  AR 128.  Plaintiff contends that the lifting restrictions

17    are supported by the positive H. pylori test.

18        Cases in this circuit distinguish among the opinions of three types of physicians: (1) those

19    who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant

20    (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining

21    physicians).  As a general rule, more weight should be given to the opinion of a treating source

22    than to the opinion of doctors who do not treat the claimant.  *Winans v. Bowen*, 853 F.2d 643,

23    647 (9th Cir.1987).  The opinion of an examining physician is, in turn, entitled to greater weight

24    than the opinion of a nonexamining physician.  *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th

25    Cir.1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir.1984).  As is the case with the opinion of a

26    treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the

27

28         [4] As there are two doctors with the surname Lopez, Dr. Sherry Lopez will be referred to as Dr. S. Lopez and Dr. Carmen Lopez will be referred to as Dr. C. Lopez.

1   uncontradicted opinion of an examining physician. *Pitzer*, 908 F.2d at 506. If the opinion is

2   contradicted by another doctor, it can only be rejected for specific and legitimate reasons that are

3   supported by substantial evidence in the record. *Andrews v. Shalala,* 53 F.3d 1035, 1043 (9th

4   Cir.1995).

5        Here, the ALJ reviewed Dr. S. Lopez' September 2002 consultive examination, including

6   Plaintiff's complaint and the findings on examination. AR 30. As the ALJ correctly noted, the

7   findings were minimal. AR 30. His abdomen was benign and she determined that the cause of

8   his abdominal complaints could not be determined. AR 30, 128. Dr. Lopez diagnosed chronic

9   abdominal pain and headaches. AR 30, 128. His headaches were "perhaps muscle tension," but

10  were not migraines or associated with any visual changes. AR 30, 128.

11       The ALJ then noted Dr. S. Lopez' restriction to light lifting and carrying, but stated,

12  "however this appears to be based on his small stature and subjective complaints, as there is no

13  objective basis for any functional restrictions."[5] AR 30.

14       Plaintiff contends that his positive H. pylori test in December 2002 is an objective test

15  that provides a cause for his chronic abdominal pain. AR 122. Citing the Merck Manual,

16  Plaintiff argues that H. pylori is "increasingly implicated as the primary cause of non-erosive

17  gastritis" and is also associated with peptic ulcer disease. Opening Brief, at 6. While this may be

18  true, Dr. S. Lopez does not indicate how her minimal objective findings or Plaintiff's subjective

19  complaints supported her finding that Plaintiff was limited in lifting. *Magallenes v. Bowen*,

20  881F.2d 747, 751 (9th Cir. 1989) (a lack of supporting clinical findings is a valid reason for

21  rejecting a treating physician's opinion). Plaintiff contends that the lifting limitation is

22  "obvious[ly]" connected to Plaintiff's stomach pain, but the ALJ is not required to make such an

23  assumption, especially in light of the minimal objective findings during Dr. S. Lopez'

24  examination and in the overall record.

25

26

27

28
         [5] At the examination, Plaintiff was 60 inches tall and weighed 112 pounds. AR 126.

1     B.        Opinion of Treating Physician

2            Next, Plaintiff contends that the ALJ improperly rejected Dr. Nguyen's restrictive

3     February 2004 assessment.  Plaintiff argues that the opinion is supported by the medical record.

4            The medical opinion of a claimant's treating physician is entitled to "special weight."

5     *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988); *Valencia v. Heckler*, 751 F.2d 1082, 1088

6     (9th Cir. 1985).  Reliance on the opinion of the treating physician is based not only on the fact

7     that he is employed to cure but also on his greater opportunity to observe and know the patient as

8     an individual.  However, a treating physician's opinion is not conclusive as to a physical

9     condition or the ultimate issue of disability.  *Magallanes*, 881 F.2d at 751, and *Matney v.

10    Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  An ALJ may reject a contradicted treating

11    physician's opinion on the basis of clear findings that set out specific, legitimate, reasons for the

12    rejection.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

13           After reviewing the medical evidence, including Dr. Nguyen's treatment records, the ALJ

14    gave little weight to the February 2004 assessment because it appeared to be based on the

15    claimant's subjective allegations, which were not supported by the treatment records.  AR 32.

16    As with Dr. S. Lopez' opinion, the ALJ correctly found that Dr. Nguyen's restrictive assessment

17    was not supported by the objective medical evidence.  *Magallenes v. Bowen*, 881F.2d 747, 751

18    (9th Cir. 1989) (a lack of supporting clinical findings is a valid reason for rejecting a treating

19    physician's opinion).  Although an H.pylori test was positive, Plaintiff has had numerous normal

20    tests, including x-rays, ultrasounds and a barium enema.  AR 119, 117-118, 192.  A majority of

21    Plaintiff's abdominal examinations were benign, and described as "absolutely normal" by Dr.

22    Nguyen during one visit.  AR 126, 151, 154, 155, 157, 158, 159, 161, 162.  Dr. Nguyen also

23    described Plaintiff's pain as "vague" and indicated that it could be connected to his mental

24    condition rather than to H.pylori.  AR 152.  Immediately after the positive H.pylori test, Dr.

25    Nguyen declined to put him on medication because of his "mental condition."  AR 152.  During a

26    later examination, however, Dr. Nguyen indicated that Plaintiff was not taking his medication for

27    the condition and advised him of the benefits of treatment.  AR 189.

28

10

1    Given such an obvious lack of objective medical evidence, the ALJ's rejection of Dr.

2    Nguyen's assessment was proper and supported by substantial evidence.  Even assuming that

3    Plaintiff suffers from some degree of abdominal discomfort, as the ALJ does, there is no

4    objective medical evidence to support Dr. Nguyen's restrictive opinion.  AR 33.

5    C.    Plaintiff's Credibility

6    _____Plaintiff asserts that the ALJ erred in finding him not credible, citing his medication and

7    longitudinal history of treatment for abdominal pain.

8        The ALJ is required to make specific findings assessing the credibility of plaintiff's

9    subjective complaints.  *Cequerra v. Secretary of HHS*, 933 F.2d 735 (9th Cir. 1991).  In rejecting

10   the complainant's testimony, "the ALJ must identify what testimony is not credible and what

11   evidence undermines the claimant's complaints."  *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.

12   1996) (quoting *Varney v. Secretary of Health and Human Services,* 846 F.2d 581, 584 (9th Cir.

13   1988)).  Pursuant to Ninth Circuit law, if the ALJ finds that the claimant's testimony as to the

14   severity of her pain and impairments is unreliable, the ALJ must make a credibility determination

15   with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily

16   discredit claimant's testimony.  *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).  "The

17   ALJ may consider at least the following factors when weighing the claimant's credibility:

18   '[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or

19   between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and

20   testimony from physicians and third parties concerning the nature, severity, and effect of the

21   symptoms of which [claimant] complains."  *Id.* (citing *Light v. Soc. Sec. Admin.,* 119 F.3d 789,

22   792 (9th Cir. 1997).  "If the ALJ's credibility finding is supported by substantial evidence in the

23   record, we may not engage in second-guessing."  *Id.*

24       The ALJ provided numerous reasons for rejecting Plaintiff's subjective complaints, none

25   of which are invalidated because of Plaintiff's medications and his history of seeking medical

26   treatment.  As to his allegations of abdominal pain, the ALJ determined:

27       [W]hile the claimant has been seen for abdominal complaints, the tests performed have
         been negative, and the claimant's doctor has not determined any etiology for these
28       complaints.  While laboratory findings were initially positive for H. pylori the records do

11

not show that he has received appropriate treatment for this condition, which is generally curable with treatment and not disabling.

AR 31-32.

The ALJ correctly found that the objective evidence did not support Plaintiff's subjective complaints. *Morgan v. Comm'r Soc. Sec.*, 169 F.3d 595, 600 (9th Cir. 1999). As to both Plaintiff's abdominal complaints and complaints of back pain, the objective medical evidence did not support Plaintiff's testimony. As the ALJ noted, there were no x-ray findings to support a severe back impairment. AR 32.

The ALJ also correctly determined that Plaintiff's overall medical treatment was not consistent with a disabling chronic pain syndrome, given the conservative nature of his treatment and the types and amounts of his medications. AR 32. SSR 96-7p. Although Plaintiff may have routinely visited the doctor and taken medication, it does not change the overall benign course of his treatment.

The ALJ further noted Plaintiff's failure to give his best effort during a consultive mental status examination with Dr. Portnoff. AR 32, 130. A claimant's lack of effort may be considered an indicator of unreliability. *Thomas v. Barnhart,* 278 F.3d at 959. Finally, the ALJ properly considered Plaintiff's lack of *any* work history, which also detracted from his credibility. *Id.*

D.     Non-Severe Impairment

        Next, Plaintiff argues that the ALJ erred in finding Plaintiff's chronic abdominal pain non-severe. He cites Dr. S. Lopez and Dr. Nguyen's diagnoses of chronic abdominal pain and argues, without explanation, that the ALJ failed to follow the "slight abnormality" standard in finding Plaintiff's pain non-severe.

        Plaintiff bears the burden of proving that he is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999); 20 C.F.R. § 404.1512. A person is disabled if his impairments are severe and meet the durational requirement of twelve months. 20 C.F.R. §§ 404.1505, 404,1520(a). A severe impairment is one that significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is

1    found "not severe" and a finding of "not disabled" is made at step II if the medical evidence

2    establishes only a slight abnormality or a combination of slight abnormalities which would have

3    no more than a minimal effect on an individual's ability to work, even if the individual's age,

4    education, or work experience were specifically considered (i.e., the person's impairment(s) has

5    no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work

6    activities).  SSR 85-28.

7            In support of his argument, Plaintiff cites the limitations imposed by Dr. S. Lopez and Dr.

8    Nguyen.  However, as explained above, the ALJ properly discounted these limitations because

9    they were not supported by the objective medical evidence.  Plaintiff may disagree with the

10   ALJ's finding, but he does not provide any objective evidence to carry his burden of

11   demonstrating that his abdominal pain caused any significant limitations.

12   E.        Mental Health Treatment

13           Finally, Plaintiff argues that the ALJ improperly questioned his credibility based on the

14   lack of mental health treatment records.  Plaintiff submitted records for mental health treatment

15   received in 2003 to the Appeals Council in support of his argument.

16           In his credibility analysis, the ALJ recounts Plaintiff's testimony that he was seen once at

17   Visalia Mental Health, but notes that Plaintiff did not provide records of any such treatment.  AR

18   32.  Indeed, at the time of the decision, Plaintiff had not provided the ALJ with these treatment

19   records, and instead provided them to the Appeals Council in 2004.  AR 8-19, 20-25.  The

20   records show that Plaintiff was treated at Tulare County Health & Human Services, Mental

21   Health Services Branch, from February 20, 2003 to April 14, 2003.  AR 8.

22           As the ALJ did not have these records at the time of the hearing or decision, it was proper

23   for him to question Plaintiff's credibility.  *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.

24   1982) (an ALJ is entitled to draw inferences logically flowing from the evidence).  In any event,

25   the ALJ provided sufficient reasons, described above and unrelated to the lack of evidence, to

26   discredit Plaintiff's testimony.

27

28

1

**CONCLUSION**

2        Based on the foregoing, the Court finds that the ALJ's decision is supported by

3  substantial evidence in the record as a whole and is based on proper legal standards.

4  Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the

5  Commissioner of Social Security.  The Clerk of this Court is DIRECTED to enter judgment in

6  favor of Defendant Jo Anne B. Barnhart, Commissioner of Social Security and against Plaintiff,

7  Ai D. Saesee.

8        IT IS SO ORDERED.

9     **Dated:    August 22, 2005**                    **/s/ Dennis L. Beck**
   3b142a                                        UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14